## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN DELIA RODRIGUEZ | : | |
| 933 Brock Street, P.O. Box 276 | : | |
| Ashland, PA 17921 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| MASTRONARDI PRODUCE-USA, INC. *d/b/a* | : | |
| MASTRONARDI PRODUCE | : | JURY TRIAL DEMANDED |
| 501 Old Forge Road | : | |
| Jonestown, PA 17038 | : | |
| | : | |
| Defendant. | : | |
| | : | |

### CIVIL ACTION COMPLAINT

Carmen Delia Rodriguez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Mastronardi Produce-USA, Inc. *d/b/a* Mastronardi Produce (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA.  Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5.     Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual with an address set forth in the caption.

2

8.     Mastronardi Produce-USA, Inc. *d/b/a* Mastronardi Produce is a provider for the warehouse and distribution of fresh fruits that are marketed and sold to customers throughout the United States (including Pennsylvania) and Canada.  Plaintiff was hired through and worked out of the North-East Division distribution facility located at the above-captioned address.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendant for approximately 10 weeks at the above-captioned North-East Division, Jonestown, Pennsylvania distribution center as a forklift driver.

12.     Plaintiff was initially supervised by Patrick Moyer (*hereinafter* "Moyer") on the night shift, and then by Manager of Inventory, Tracy (last name unknown, *hereinafter* "Tracy"), as well as Shipping Manager, Jade (last name unknown, *hereinafter* "Jade"), and Supervisor, Heather Vega (*hereinafter* "Vega") once she moved to the day shift.

13.     During her employment with Defendant, Plaintiff was a hardworking employee who performed her job well.

14.     At all relevant times during Plaintiff's employment with Defendant, Plaintiff suffered from and continues to suffer from several health conditions, including but not limited to diabetes and respiratory issues (and other complications).

15.     As a result of her aforesaid health conditions, Plaintiff experiences low blood sugar, dizziness, fatigue, and breathing difficulty, which (at times) limits her ability to perform some

daily life activities, including but not limited to sleeping, focusing, and working (among other daily life activities).

16. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant; however, Plaintiff did require some reasonable accommodations while employed with Defendant, including but not limited to the ability to take short breaks to eat snacks and take medication to maintain her blood sugar and to refrain from sweeping due to her respiratory conditions.

17. Moyer was aware of Plaintiff's health conditions and need for periodic breaks to maintain her blood sugar and health conditions, and Plaintiff had no issues with taking breaks or refraining from sweeping, when he was her supervisor.

18. In or about early April of 2020, when Plaintiff switched to first shift, she was almost immediately provided with a write-up by Human Resources ("HR") for taking an allegedly "unauthorized" break to have a snack and take her medication to maintain her health conditions.

19. Despite the fact that Plaintiff informed HR that she needed to take frequent short breaks to maintain her diabetes, she was informed that she needed a doctor's note and was provided with a final written warning.

20. Thereafter, despite the fact that Plaintiff provided HR with doctor's note dated April 14, 2020, stating that Plaintiff required breaks every three hours for food and drink, to keep her blood sugar stable, Plaintiff was still subjected to harassment and hostility by Defendant's management and HR, including but not limited to:

      a. Following Plaintiff around to see what she was doing during breaks for her health conditions;

4

    b.   Repeatedly harassing her about specifics from her doctor (i.e. exactly how many breaks, and how long must they be); and

    c.   Repeatedly and inconsistently changing when Plaintiff could take her breaks and their duration, over the span of a one-week period.

21.    Leading up to her termination, Plaintiff verbally expressed her concerns about the aforesaid instances of disparate treatment and discrimination because of her health conditions.

22.    However, shortly after voicing her concerns of disability discrimination and disparate treatment, Plaintiff was abruptly terminated on or about April 27, 2020, for purportedly violating company policy by taking an extra 30- minute break **the prior week**.

23.    Defendant's purported reason for terminating Plaintiff is patently untrue and pretextual, as she never took an extra 30- minute break on any occasion, and advised Defendant's management to view the warehouse cameras for proof, but they refused.  Moreover, Plaintiff's non-disabled co-workers were permitted to take breaks whenever they wanted without permission and were not disciplined or terminated for same.

24.    Plaintiff believes and therefore avers that she was subjected to a hostile work environment, disciplined, and terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (which constitutes illegal retaliation); (4) her complaints of discrimination and/or (5) Defendant's failure to properly accommodate her.

### COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Hostile Work Environment; and [4] Failure to Accommodate)**

25.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities, including but not limited to sleeping, focusing, and working (among other daily life activities).

27.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

28.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

29.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to including but not limited to the ability to take short breaks to eat snacks and take medication to maintain her blood sugar and to refrain from sweeping due to her respiratory conditions.

30.     Plaintiff was subjected to hostility and animosity due to her health conditions and/or requests for accommodations through pretextual discipline and demeaning and/or discriminatory treatment towards her (as discussed *supra*).

31.     Defendant failed to accommodate Plaintiff by issuing her discipline for taking breaks to eat snacks and take medication to maintain her blood sugar and then using said discipline as a means to terminate her.

32.     Plaintiff complained of and objected to the aforementioned instances of disparate treatment and disability discrimination to Defendant's management and HR.

33.     On or about April 27, 2020, Plaintiff was terminated from her employment with Defendant shortly after requesting/utilizing reasonable accommodations and in close proximity to her complaints of and objections to disability discrimination.

34.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment, disciplined, and terminated by Defendant due to (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (which constitutes illegal retaliation); (4) her complaints of discrimination and/or (5) Defendant's failure to properly accommodate her.

35.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 18, 2020