IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARMEN DELIA RODRIGUEZ,** | : | Civil No. 1:20-CV-01702 |
| **Plaintiff,** | : | |
| v. | : | |
| **MASTRONARDI PRODUCE-USA, INC.,** | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is Defendant Mastronardi Produce-USA Inc.'s motion to compel arbitration and stay. (Doc. 8.) For the reasons set forth below, the motion will be denied without prejudice.

### I. BACKGROUND

In early 2020, Plaintiff Carmen Delia Rodriguez was hired by Defendant Mastronardi Produce-USA, Inc, a provider for the warehouse and distribution of fresh fruits, to work as a forklift driver at its North East Division distribution facility. According to the complaint, Ms. Rodriguez informed Mastronardi's human resources department that she suffered from diabetes, and that she needed to take frequent short breaks to eat snacks and take medications to maintain her blood sugar. She also complied with a request by human resources to submit a doctor's note providing as much. According to the complaint, however, Mastronardi nevertheless

1

continuously gave Ms. Rodriguez a hard time about her need for an accommodation, and shortly after she complained about being subject to disability discrimination, Mastronardi terminated her for purportedly taking an unsanctioned 30-minute break, which Ms. Rodriguez denies. Ms. Rodriguez subsequently filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter with respect to the Americans with Disabilities Act ("ADA").

On September 18, 2020, Ms. Rodriguez initiated this action by filing a complaint, which alleges violations of the ADA based on disability discrimination, retaliation, hostile work environment, and failure to accommodate. According to the complaint, Ms. Rodriguez intends to also assert an identical claim under the Pennsylvania Human Relations Act, but she has not yet done so because she is required to wait one year from the date of her EEOC filing.

Mastronardi has filed a motion to compel arbitration and stay this action. (Doc. 8.) The motion attaches an arbitration agreement signed by Ms. Rodriguez and argues that the agreement requires her to resolve her claims through its dispute resolution program, the last phase of which requires binding arbitration. Ms. Rodriguez subsequently filed a brief in opposition to the motion, which argues that agreement is unenforceable based on procedural and substantive unconscionability, and alternatively requests that the court sever one or more provisions of the

agreement that are substantively unconscionable. Mastronardi filed a reply brief. The matter is thus ripe for disposition.

## II. **STANDARD OF REVIEW**

The court may review a motion to compel arbitration under either a Rule 12(b)(6) standard or a Rule 56 standard. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 771 (3d Cir. 2013). When it is apparent on the face of the complaint or documents relied upon in the complaint that certain claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under the Rule 12(b)(6) standard without the inherent delay of discovery. *Id.* at 774. If, however, the complaint is unclear regarding the arbitration agreement or the opposing party has responded to the motion to compel arbitration with facts sufficient to place the arbitration agreement in question, "the parties must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement before the court entertains further briefing on the issue." *Id.* at 774-76. After limited discovery, the court may consider a renewed motion to compel arbitration under a Rule 56 standard. *Id.* at 776.

### III. **DISCUSSION**

Ms. Rodriguez's complaint sets forth allegations regarding her claims under the Americans with Disabilities Act, but it does not mention or reference any agreement to arbitrate. Mastronardi concedes as much. (Doc. 8, p. 10.) Nor does the complaint rely on or incorporate the agreement submitted by Mastronardi in any way. Ms. Rodriguez solely alleges violations of the ADA; not breach of any contract. The affirmative defense of arbitrability is therefore not apparent from the face of the complaint or any documents relied upon therein.

As such, despite the evidence of an agreement to arbitrate presented by Mastronardi, the court is compelled by *Guidotti* to provide Ms. Rodriguez the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement. Mastronardi's argument to the contrary, that the arbitration agreement is integral to the complaint because it "creates a contractual obligation that governs the pursuit of" Ms. Rodriguez's claims (*id.*, pp. 10-11), is unaccompanied by substantive authority and would appear to squarely contravene *Guidotti* and its progeny. *See e.g., Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019) (explaining that under *Guidotti*, "the motion to dismiss standard applies to a motion to compel arbitration…where the *existence* of a valid agreement to arbitrate between the parties is apparent from the face of the complaint or incorporated documents.") (citing *Guidotti*, 716 F.3d at 774-76) (emphasis original);

4

*Horton v. FedChoice Fed. Credit Union*, 688 F. App'x 153, 157 (3d Cir. 2017) ("*Guidotti* is unequivocal: if the complaint and incorporated documents are not clear on their face as to an agreement to arbitrate, 'the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement.'") (quoting *Guidotti*, 716 F.3d at 774).

In addition, even if the complaint did attach or rely on the agreement to arbitrate, the court would still be inclined to order limited discovery given one or more of the unconscionability arguments raised by Ms. Rodriguez. At the very least, Ms. Rodriguez's opposition brief raises a valid argument that discovery is necessary to determine whether the agreement's cost sharing provision is unconscionable and should be severed.

As such, the court will grant the parties thirty days to conduct limited discovery on the issue of whether Ms. Rodriguez's claims are governed by a valid arbitration agreement. At the close of thirty days, or after discovery is complete, Mastronardi may file a renewed motion to compel arbitration, which will be reviewed by this court under a motion for summary judgment standard. All other discovery will be stayed for that period of time, and until such time as the court decides the issue of arbitrability.

## IV. CONCLUSION

For the reasons set forth above, Defendant Mastronardi Produce-USA Inc.'s motion to compel arbitration and stay will be denied without prejudice. An appropriate order shall follow.

Sylvia H. Rambo
United States District Judge

Dated: June 25, 2021